AUGUST BEECHLER, PLAINTIFF-RESPONDENT, v. GEORGE HUBER, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the defendant-appellant, *George B. Marshall.*

For the plaintiff-respondent, *Willis Tullis Porch.*

PER CURIAM.

This is an appeal from a judgment entered in the Supreme Court for the plaintiff against the defendant in a slander suit upon the verdict of a jury after a trial at the Gloucester Circuit.

The jury first returned a verdict as follows: "Favor of plaintiff—We find for the plaintiff and assess defendant all costs of this action, including the plaintiff's attorney fees, plus a damage of one hundred fifty dollars." Whereupon the trial judge said to the jury: "Ladies and gentlemen of the jury: I understand you have brought in a verdict in favor of the plaintiff for one hundred fifty dollars, and assessing the costs of the action including plaintiff's attorney fees in addition to that one hundred fifty dollars. You really can't do that, and what you must do, if you find for the plaintiff, you must find in a lump sum. With those instructions,

I suggest you return to the jury room and deliberate again."

The jury retired and brought in a verdict for $600. Thereupon defendant took out a rule to show cause why the verdict should not be set aside and a new trial granted on the grounds among others: "That the trial judge omitted in his charge to the jury that the jury should consider proof of provocation or lack of malice in mitigation of the damages sought; that the charge of the court to the jury was contrary to law." In the rule was a reservation of "each and every objection and exception."

The record fails to disclose what was argued on the rule or what the court's determination thereof depended upon. We, therefore, assume that every ground recited in the rule was argued before and disposed of by the court, who directed that the rule should be made absolute unless the plaintiff accept a reduction in the verdict from $600 to $400. The plaintiff accepted the reduction and judgment was entered accordingly.

The defendant-appellant set down five grounds of appeal—the first and second are directed to what the court said in its charge to the jury. No exceptions were taken to those portions of the charge objected to and therefore no points are raised for the consideration of the court. *Brodsky* v. *Red Raven Rubber Co. et al.,* 111 *N. J. L.* 453.

The third ground of appeal is based upon alleged error in what the court failed and neglected to say in its charge, and is couched in language almost identical with one of the grounds alleged in the rule to show cause and hereinbefore set forth. Furthermore no request was made to the trial court to charge the principle in question, nor was there any refusal of the trial court to so charge. For both of the reasons stated no grounds of appeal lie and no error is assignable. *Leiferant* v. *Progressive Agency, Inc.,* 98 *N. J. L.* 526.

As to the fourth and fifth grounds of appeal which have to do with the court's refusal to accept the first verdict brought in by the jury and the supplemental charge made by the court to the jury, it suffices to say that no exceptions were noted to anything the court or jury then said or did,

or omitted to say or do. Appellant's counsel, in his brief, says that all this occurred in his absence and he was, therefore, in no position to file an exception. There is nothing on the record to show counsel's absence. Even so, there is no exception to serve as a basis for a ground of appeal. Moreover, appellant's attorney admits in his brief that the "trial court's error in giving the jury additional instructions was argued before the trial court on the application for the rule" to show cause.

Finding no reviewable error in the record, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.